IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| DEBRO SIDDIQ ABDUL-AKBAR, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) C.A. No. 19-2214 (MN) |
| | ) |
| JUDGE LEONARD P. STARK, | ) |
| | ) |
| Defendant. | ) |

**MEMORANDUM**

At Wilmington this 23rd day of January 2020:

1. **Introduction**. Plaintiff proceeds *pro se* and requested *in forma pauperis* status. (D.I. 6). On January 2, 2020, his motion was denied based upon his annual income. (D.I. 7). On January 13, 2020, Plaintiff filed a motion for reconsideration on the grounds that he lives on a fixed income that does not cover the cost of some of his basic needs. (D.I. 8). The motion also argues the merits of the case.

2. **Discussion**. The standard for obtaining relief under Rule 59(e) is difficult for Plaintiff to meet. The purpose of a motion for reconsideration is to "correct manifest errors of law or fact or to present newly discovered evidence." *Max's Seafood Café ex rel. Lou-Ann, Inc. v. Quinteros*, 176 F.3d 669, 677 (3d Cir. 1999). "A proper Rule 59(e) motion . . . must rely on one of three grounds: (1) an intervening change in controlling law; (2) the availability of new evidence; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Lazaridis v. Wehmer*, 591 F.3d 666, 669 (3d Cir. 2010) (citing *N. River Ins. Co. v. CIGNA Reinsurance Co.*, 52 F.3d 1194, 1218 (3d Cir. 1995)). A motion for reconsideration is not properly grounded on a request that a court rethink a decision already made. *See Glendon Energy Co. v. Borough of Glendon,* 836 F. Supp. 1109, 1122 (E.D. Pa. 1993). Motions for reargument

or reconsideration may not be used "as a means to argue new facts or issues that inexcusably were not presented to the court in the matter previously decided." *Brambles USA, Inc. v. Blocker*, 735 F. Supp. 1239, 1240 (D. Del. 1990). Reargument, however, may be appropriate where "the Court has patently misunderstood a party, or has made a decision outside the adversarial issues presented to the court by the parties, or has made an error not of reasoning but of apprehension." *Brambles USA*, 735 F. Supp. at 1241 (D. Del. 1990) (citations omitted); *See also* D. Del. LR 7.1.5. The Court has reviewed Plaintiff's application and notes that his expenses exceeds his income. Hence reconsideration is appropriate.

3. The Court notes, however, that the instant case is raised against a defendant who is immune from suit. A federal court may properly dismiss an action *sua sponte* under the screening provisions of 28 U.S.C. § 1915(e)(2)(B). *Ball v. Famiglio*, 726 F.3d 448, 452 (3d Cir. 2013). Plaintiff sues U.S. District Court Judge Leonard Stark for "denying a change of venue and denying us justice and access to the court by delaying our case." (D.I. 1 at 5). The Complaint also alleges that Judge Stark has refused to recuse himself and has denied requested injunctive relief. (*Id*. at 6). Plaintiff seeks an order for Judge Stark to recuse himself in *Abdul-Akbar v. Delaware*, C.A. No. 19-961-LPS (D. Del.), grant a change of venue, injunctive relief, and counsel. (*Id*. at 9).

4. Judge Stark is immune from suit. "A judicial officer in the performance of his duties has absolute immunity from suit and will not be liable for his judicial acts." *Capogrosso v. The Supreme Court of New Jersey*, 588 F.3d 180, 184 (3d Cir. 2009) (quoting *Azubuko v. Royal*, 443 F.3d 302, 303 (3d Cir. 2006)). "A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted 'in the clear absence of all jurisdiction.'" *Id*. (citations omitted). In addition, judicial immunity provides complete immunity from suit, not merely from

2

an ultimate assessment of damages.  *Mireles v. Waco*, 502 U.S. 9, 11 (1991); *see also Bolin v. Story*, 225 F.3d 1234, 1242 (11th Cir. 2000) (federal judges are immune to injunctive and declaratory relief).  There are no allegations that Judge Stark acted in the clear absence of all jurisdiction.  Finally, the allegations are conclusory, and the Court's experience and common sense, lead it to recognize that the Complaint does not state a facially plausible claim for relief.  *See Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009).

5. **Conclusion**.  For the above reasons, the Court will:  (1) grant Plaintiff's motion for reconsideration; and (2) dismiss this action pursuant to 28 U.S.C. § 1915(e)(2)(B) as the claim is frivolous and based upon Defendant's immunity from suit.  Amendment is futile.  An appropriate order will be entered.

_____
The Honorable Maryellen Noreika
United States District Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF DELAWARE

| DEBRO SIDDIQ ABDUL-AKBAR, | ) |
|---|---|
| Plaintiff, | ) |
| v. | ) C.A. No. 19-2214 (MN) |
| JUDGE LEONARD P. STARK, | ) |
| Defendant. | ) |

## ORDER

At Wilmington this 23rd day of January 2020, for the reasons set forth in the Memorandum issues this date;

IT IS HEREBY ORDERED that:

1. Plaintiff's motion for reconsider (D.I. 8) is **GRANTED.**

2. The case is **DISMISSED** pursuant to 28 U.S.C. § 1915(e)(2)(B)(i) and (iii). Amendment is futile.

3. The Clerk of Court is directed to **CLOSE** the case.

_____
The Honorable Maryellen Noreika
United States District Judge